MORRIS, J.,
Concurring.
I agree with the majority opinion that the State met the special circumstantial evidence standard in this case. However, I take this opportunity to express my concern with the continued application of this special standard. In Knight v. State, 107 So.3d 449, 455, 457 (Fla. 5th DCA 2013), the Fifth District concluded that the special circumstantial evidence test did not apply under the facts of that case but also opined that “Florida should join the federal courts and the vast majority of states that have abandoned use of a special circumstantial evidence standard of review.” See also Rocker, 122 So.3d at 912 (Villanti, J., dissenting); Sims, 110 So.3d at 117 (Thomas, J., dissenting). The court reasoned that the special “standard is misleading because it completely ignores the proper role of the jury and directs the appellate judge to determine ... whether a hypothesis of innocence is reasonable,” Knight, 107 So.3d at 457, it “ignores the correlation between the ‘strength’ of circumstantial evidence and the ‘reasonableness’ of various hypotheses of innocence,” id. at 458, and “it incorrectly suggests that an allowance for the jury’s credibility determinations should never factor into a sufficiency of the evidence review in circumstantial evidence cases,” id. at 459. The Knight court also concluded that the standard is unnecessary because the general standard of review applicable to motions for judgment of acquittal ensures that a conviction is sustained only when the trier of fact could find every element beyond a reasonable doubt. Id. at 460. The court further opined that the special standard should not apply to cases “where the state presents direct evidence to support a finding of guilt as to most elements, but is left to rely on circumstantial evidence to prove the defendant’s state of mind,” recognizing that state of mind is almost never proven by direct evidence. Id. at 463; see also Rocker, 122 So.3d at 912 (Villanti, J., dissenting); Sims, 110 So.3d at 122 (Thomas, J., dissenting). The court pointed out that there is much confusion in Florida about when the special standard applies and that the supreme court should at the least clarify when it applies. Id. at 467.
I agree with the Fifth District’s compelling reasons for the abandonment or reconsideration of this special standard of review, and I too encourage the supreme court to address this issue. See Rocker, 122 So.3d at 912 (Villanti, J., dissenting) (encouraging the “supreme court to reconsider Florida’s use of the ‘special standard of review’ in circumstantial evidence cases”). Since the Rocker majority concluded that the evidence in that case did not meet the special circumstantial evidence standard, see id. at 905, I believe that this issue would be best addressed by the Florida Supreme Court in its review of this court’s decision in Rocker.